UNITED STATES DISTRICT COURT

SOUTHERN DISTRICTDISTRICT OF NEW YORK

| | | |
|---|---|---|
| MATTEL INC., | ) | |
| | ) | CASE NO. 18-CV-8824 (LAP) |
| Plaintiff, | ) | |
| | ) | **ANSWER AND DEFENSES** |
| vs. | ) | |
| | ) | |
| ANIMEFUN STORE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF ANIMEFUN STORE, BINGO1993, BINGOES HOT TOY FACTORY, MILIY STORE, AND Q374428329 TO COMPLAINT**

NOW COME the Defendants Animefun Store, Bingo1993, Bingoes Hot Toy Factory, Miliy Store, and Q374428329, by and through their attorney, and in answer to the Complaint filed by the Plaintiff, state as follows:

### IN ANSWER TO THE ALLEGATIONS OF <u>JURISDICTION AND VENUE</u>

1. Admitted.

2. Denied.

3. Denied.

### IN ANSWER TO THE ALLEGATIONS OF <u>THE PARTIES</u>

4. Admitted.

5. Admitted in part. Defendant AnimeFun Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/113015, where it offers for sale original products, and with a principal place of business located in Guangdong, China.

6. Irrelevant to the answering Defendants.

7.  Admitted in part. Defendant Bingo1993 is a merchant on Dhgate.com, at http://www.dhgate.com/store/19890423, where it offers for sale original products, and with a principal place of business located in Guangdong, China.

8.  Admitted in part. Defendant Bingoes Hot Toy Factory is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/1685212, where it offers for sale original products, and with a principal place of business located in China.

9.  Irrelevant to the answering Defendants.

10.  Irrelevant to the answering Defendants.

11.  Irrelevant to the answering Defendants.

12.  Irrelevant to the answering Defendants.

13.  Irrelevant to the answering Defendants.

14.  Irrelevant to the answering Defendants.

15.  Irrelevant to the answering Defendants.

16.  Irrelevant to the answering Defendants.

17.  Irrelevant to the answering Defendants.

18.  Irrelevant to the answering Defendants.

19.  Irrelevant to the answering Defendants.

20.  Irrelevant to the answering Defendants.

21.  Irrelevant to the answering Defendants.

22.  Irrelevant to the answering Defendants.

23.  Irrelevant to the answering Defendants.

24.  Irrelevant to the answering Defendants.

25.  Irrelevant to the answering Defendants.

26.  Irrelevant to the answering Defendants.

27.  Irrelevant to the answering Defendants.

Case 1:18-cv-08824-LAP   Document 41   Filed 03/19/19   Page 3 of 26


28. Irrelevant to the answering Defendants.

29. Irrelevant to the answering Defendants.

30. Irrelevant to the answering Defendants.

31. Admitted in part. Defendant Miliy Store is a merchant on Aliexpress.com, at https://www.aliexpress.com/store/4267011, where it offers for sale original products, and with a principal place of business located in China.

32. Irrelevant to the answering Defendants.

33. Irrelevant to the answering Defendants.

34. Irrelevant to the answering Defendants.

35. Admitted in part. Defendant Q374428329 is a merchant on Dhgate.com, at http://www.dhgate.com/store/20464940, where it offers for sale original products, and with a principal place of business located in Zhejiang, China

36. Irrelevant to the answering Defendants.

37. Irrelevant to the answering Defendants.

38. Irrelevant to the answering Defendants.

39. Irrelevant to the answering Defendants.

40. Irrelevant to the answering Defendants.

41. Irrelevant to the answering Defendants.

42. Irrelevant to the answering Defendants.

43. Irrelevant to the answering Defendants.

44. Irrelevant to the answering Defendants.

45. Irrelevant to the answering Defendants.

46. Irrelevant to the answering Defendants.

47. Irrelevant to the answering Defendants.

48. Irrelevant to the answering Defendants.

49.  Irrelevant to the answering Defendants.

50.  Irrelevant to the answering Defendants.

51.  Irrelevant to the answering Defendants.

52.  Irrelevant to the answering Defendants.

53.  Irrelevant to the answering Defendants.

54.  Irrelevant to the answering Defendants.

55.  Irrelevant to the answering Defendants.

56.  Irrelevant to the answering Defendants.

57.  Irrelevant to the answering Defendants.

## IN ANSWER TO THE GENERAL ALLEGATIONS

## OF Plaintiff and Its Well-Known UNO Products

58.  Admitted.

59.  Admitted.

60.  Admitted.

61.  Admitted.

62.  Admitted.

63.  Admitted.

64.  Admitted.

65.  Admitted.

66.  Defendants admit that the UNO marks are currently in use in commerce in connection
     with the UNO products. Defendants lack knowledge or information sufficient to form a
     belief as to the truth of the rest of the allegations of paragraph 66 and accordingly deny.

67.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the
     allegation of paragraph 67, and accordingly deny.

68. Defendants admit that Plaintiff is the owner of registered copyrights in and related to the UNO products. Defendants lack knowledge or information sufficient to form a belief as to the truth of the rest of the allegation of paragraph 68, and accordingly deny.

69. Admitted.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 70, and accordingly deny.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 71, and accordingly deny.

72. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 72, and accordingly deny.

73. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 73, and accordingly deny.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 74, and accordingly deny.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 75, and accordingly deny.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 76, and accordingly deny.

**IN ANSWER TO THE GENERAL ALLEGATIONS**

**OF The Online Marketplace Platforms and Defendants' User Accounts**

77. Admitted.

78. Admitted.

79. Admitted.

80. Admitted.

81. Denied.

82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 82, and accordingly deny.

83. Denied.

## IN ANSWER TO THE GENERAL ALLEGATIONS

## OF <u>Defendant's wrongful and infringing Conduct</u>

84. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 84, and accordingly deny.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 85, and accordingly deny.

86. Denied.

87. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 87, and accordingly deny.

88. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 88, and accordingly deny.

89. Defendants admit that NAL has contacted Defendants regarding interest in order. Defendants lack knowledge or information sufficient to form a belief as to the truth of the rest of the allegations of paragraph 89 and accordingly deny.

90. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 90, and accordingly deny.

91. Irrelevant to the answering Defendants.

92. Irrelevant to the answering Defendants.

93. Irrelevant to the answering Defendants.

94. Irrelevant to the answering Defendants.

95. Irrelevant to the answering Defendants.

96. Irrelevant to the answering Defendants.

97.  Denied.

98.  Denied.

99.  Denied.

100.    Denied.

101.    Denied.

102.    Denied.

## IN ANSWER TO CAUSE OF ACTION

### FIRST CAUSE OF ACTION

103.    Denied.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth
of the allegation of paragraph 104, and accordingly deny.

105.    Defendants lack knowledge or information sufficient to form a belief as to the truth
of the allegation of paragraph 105, and accordingly deny.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

## IN ANSWER TO CAUSE OF ACTION

### SECOND CAUSE OF ACTION

113.    Denied.

114.     Defendants lack knowledge or information sufficient to form a belief as to the truth
of the allegation of paragraph 114, and accordingly deny.

115.   Admitted

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

**IN ANSWER TO <u>CAUSE OF ACTION</u>**

**THIRD CAUSE OF ACTION**

126.    Denied.

127.   Admitted.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

**IN ANSWER TO <u>CAUSE OF ACTION</u>**

**FOURTH CAUSE OF ACTION**

135.   Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

**IN ANSWER TO CAUSE OF ACTION**

**FIFTH CAUSE OF ACTION**

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

**IN ANSWER TO CAUSE OF ACTION**

**SIXTH CAUSE OF ACTION**

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

**IN ANSWER TO CAUSE OF ACTION**

**SEVENTH CAUSE OF ACTION**

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

## IN ANSWER TO <u>CAUSE OF ACTION</u>

## EIGHTH CAUSE OF ACTION

160.    Denied.

161.    Denied.

162.    Denied.

## <u>DEFENSES</u>

### New York District Court Lacks Personal Jurisdiction

163.    A court may exercise "specific jurisdiction" over a defendant for a cause of action "arising out of or related to the defendant's contacts with the forum."[1] Personal jurisdiction of a court over a non-domiciliary defendant turns on the state long-arm statute and due process requirement.[2] Defendants do not contest the applicability of New York long-arm statute. Thus, personal jurisdiction ultimately turns on whether personal jurisdiction violates due process. Analysis of due process entails two essential components: the "minimum contacts" inquiry and the "reasonableness" inquiry.[3]

<u>No Minimum Contact with New York</u>

---

[1] *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414-16 (1984).
[2] *See Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 243-44 (2d Cir. 2007).
[3] *See Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010).

164.    With respect to analysis of minimum contacts as a part of the due process inquiry, the Court asks whether the defendant has sufficient contacts with the forum state to justify such personal jurisdiction.[4] Second Circuit looks at the totality of Defendant's contacts with the forum state to determine whether Defendant has minimum contacts with New York to exercise personal jurisdiction over Defendant.[5] In *Chloe*, a trademark infringement case, an employee's single act of shipping a counterfeit handbag to New York, combined with his employer's extensive business activity involving New York, gave rise to personal jurisdiction over the employee.[6] Second Circuit Court reasoned that the "single act" of selling counterfeit goods into New York satisfied the long-arm statute that confers personal jurisdiction on Defendant.[7]

165.    New York District Court lacks personal jurisdiction over Defendants AnimeFun Store, Bingoes Hot Toy Factory, and Miliy Store. Even though Plaintiff alleged that these Defendants had sold some counterfeit UNO products to New York, such allegation is based on improper comparison with other genuine UNO products. It is probable that what Defendants sold to New York were genuine Chinese version UNO products since these Defendants are based in China and purchased products in China. And upon belief and information, pending discovery against Plaintiff, Plaintiff sell UNO products, with different packaging in China because Chinese law has specific requirements in terms of toy packaging.

166.    In addition, these three Defendants do not have extensive business activity in New York. Defendants never advertised to New York customers. In fact, these Defendants never wanted to conduct business in New York because among all their business, a very small fraction of goods were shipped to New York.

---

[4] *See Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement,* 326 U.S. 310, 316 (1945)
[5] *See Chloe at* 164.
[6] *Id.*
[7] *Id.* at 170.

167.     New York District Court lacks personal jurisdiction over Defendants Bingo1993 and Q374428329 because these Defendants sold zero alleged infringing product to New York. Since there is no single act of selling counterfeit goods into New York, the case here involving Defendants Bingo1993 and Q374428329 is materially different from *Chloe*, where defendants in *Chloe* at least sold one counterfeit bag to New York. In addition, Defendants Bingo1993 and Q374428329 do not have extensive business activity in New York. Defendants never advertised to New York customers. Defendant never wanted to conduct business in New York because among all their business, very small fraction of goods were shipped to New York.

168.     One the other hand, there is no specific personal jurisdiction that allows Plaintiff to have any cause of action arising out of or related to Defendants Bingo1993 and Q374428329 contacts with the forum state. Even though Defendants Bingo1993 and Q374428329 sold products to New York, these products are unrelated not alleged infringing products. Because specific personal jurisdiction cannot be based on unrelated contact with the forum state, it is unnecessary to even conduct the two-step analysis for Defendants Bingo1993 and Q374428329.

Unreasonable to Exercise Personal Jurisdiction

169.     With respect to analysis of reasonableness, the Court asks whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice"—that is, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case.[8] The Supreme Court evaluates the following factors as part of this "reasonableness" analysis:

_____

[8]*Id.*

(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.[9]

170.    It is not reasonable to exercise personal jurisdiction over Defendants. The burden that the exercise of personal jurisdiction on Defendant is very high because Defendants are hobby sellers who reside outside the States. The interest of the forum state in adjudicating the case is not high because Plaintiff, Mattel Inc. is a California corporation. If there is any state for adjudication, the case should be litigated in California. Plaintiff might have interest in obtaining relief in New York court, but even if Plaintiff prevails in this case, it is impossible to enforce the judgment because Defendants reside in China, with bank accounts in China. It takes significant amount of time and resource to enforce a U.S. judgment in China even when the service of process is proper, which is insufficient as discussed below.

**Plaintiff's Service of Process Using Electronic Mail is Insufficient**

171.    The service process was improper because it was not made in accordance with Fed. R. Civ. P. 4(f). Under Fed. R. Civ. P. 4(f), "unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1)    by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

<u>Application of the Hague Convention is Proper</u>

---

[9] *See Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113–14, (1987)

172.     Service of an individual in a foreign country may be accomplished by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents".[10] Article 1 of Hague Convention requires that "[t]he present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad. This Convention shall not apply where the address of the person to be served with the document is not known."[11]

173.     The Hague Convention applies in this case. First, the alleged Trademark/Copyright infringement is a civil matter. Second, China is a signatory to the Hague Convention because China acceded to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, also called the Hague Service Convention in 1991, and its provisions entered into force in 1992.[12]  Third, Plaintiff clearly knew the exact address of Defendants AnimeFun Store, Bingoes Hot Toy Factory, and Miliy Store, shown below in Figures 1 through 6. Unlike many other defendants in prior cases where online sellers hid physical addresses, all five answering Defendants in this case voluntarily used their real physical addresses to register for their online seller accounts. Anyone, including Plaintiff, can click on business information button and see Defendants AnimeFun Store, Bingoes Hot Toy Factory, and Miliy Store's business information on theses Defendants' storefront.

174.     Due to technical difficulty, Dhgate.com cannot display Defendants Bingo1993 and Q374428329 detailed business information. There is no intentional concealment on the part of

---

[10] *See* Fed. R. Civ. P. 4(f).

[11] *See* Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Hague Conference on Private International Law, available at https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf.

[12] *See* Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters- Status Table, Hague Conference on Private International Law, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

Defendants Bingo1993 and Q374428329 because they submitted their business information upon setting up the online store. It is Dhgate.com that negligently failed to display these Defendants' business information. On the other hand, Plaintiff failed to contact either Dhgate.com or Defendants Bingo1993 and Q374428329 to obtain valid business information for service of process purpose.

175.     Thus, this case does not fall into the exception where the address of the person to be served with the document is not known.

176.     Therefore, the Hague Convention applies, and the service of process is improper.



**Figure 1. Defendant AnimeFun Storefront (arrow shows how to access store business information)**



**Figure 2. Defendant AnimineFun's business information on storefront, including address in China, owner's legal name, company name, registration number, and etc.**



Figure 3. Defendant Bingoes Hot Toys Factory Storefront (arrow shows how to access store business information)



Figu

**Figure 5. Defendant Miliy Store Storefront (arrow shows how to access store business information)**



**Figure 6. Defendant Miliy's Store's business information on storefront, including address in China, owner's legal name, company name, registration number, and etc.**

<u>Application of the Hague Convention is Exclusive</u>

177.     Service of process under the Hague Convention is the exclusive means of service of process to foreign corporations.[13] By virtue of the Supremacy Clause, U.S. Const., Art. VI, the Hague Convention preempts inconsistent methods of service prescribed by state law in all cases to which it applies.[14] The U.S. Supreme Court agrees that the Hague Convention provides simple and certain means by which to serve process on a foreign national.[15] Those who eschew its procedures risk discovering that the forum's internal law required transmittal of documents for service abroad, and that the Convention therefore provided the exclusive means of valid service.[16] In addition, parties that comply with the Convention ultimately may find it easier to enforce their judgments abroad.[17]

178.     Article 5 of the Hague Convention stipulates that "[t]he Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –

a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or

b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed."[18]

179.     The Central Authority of China has the following requirements, among others, for service of process in China from the US: Plaintiff must file required documents, including but not limited to, United States Marshals Service Form USM-94, original and Chinese translation of any documents and evidence, to the Central Authority of China.[19] And the Central Authority of China

---

[13] *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 706 (1988).

[14] *Id.* at 699.

[15] *Id.* at 706.

[16] *Id.*

[17] *Id.*

[18] *See* China - Central Authority & Practical Information, Hague Conference on Private International Law, available at https://www.hcch.net/en/states/authorities/details3/?aid=243.

[19] *Id.*

refers the document to the competent court.[20] The court in China will serve the document directly to the addressee or the person who is entitled to receive the document.[21] There is no such method as informal delivery in the Chinese domestic law, and the addressee may refuse to accept it in any case.[22] The Supreme People's Court of The People's Republic of China (the People's Court) requires court documents to be delivered by mail services appointed by the People's Court.[23]

180.    Because China's internal law does not allow service by electronic mail, and because this court allowed Plaintiff to serve Defendant via electronic mail, a method incompatible with the law of the State addressed, the Hague Convention preempts the Plaintiff's requested electronic mail service of process. The electronic mail service is thus insufficient and ineffective.

Allowing Plaintiff Service of Process via Electronic Mail Violates N.Y.C.P.L.R. § 308(5).

181.    According to Rule 308(5) of the New York Civil Practice Law and Rules, service is permitted "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." Paragraphs one, two, and four provide for: "(1) personal service; (2) delivering the summons to a person of suitable age and discretion at the individual's actual place of business, dwelling place] or usual place of abode, and mailing it; (3) serving the individual's agent; or (4) affixing the summons to the individual's actual place of business, dwelling place, or usual place of abode, and mailing it."[24]

182.    This Court allowed email service of process when foreign defendants did not have any physical address on the defendants' storefront and the primary or even exclusive way of

---

[20] *Id*.

[21] *Id*.

[22] *Id*.

[23] *See* Regulations of the Supreme People's Court regarding Court Appointed Mail Services in Civil Litigations, The Supreme People's Court, available at http://www.court.gov.cn/shenpan-xiangqing-1263.html.

[24] *See Sec. Exch. Comm'n v. Nnebe*, No. 01-cv-5247 (KMW) (KNF), 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003).

communication was through email.[25] In addition to the reasoning that email is the primary or exclusive means of communication, the Court reasoned that because "[n]o information is listed on the Online Storefronts' pages revealing any true legal names or physical addresses for Defendants or their Online Storefronts, " and that Defendants appeared to have concealed their true identities and contact information, besides the email addresses identified by Plaintiffs, the Court finds that the modes of service contemplated by N.Y.C.P.L.R. § 308(1), (2), and (4) are impracticable, and that service by email is appropriate and satisfies due process.

183.     Here, service of process via electronic mail is improper because Defendants have provided physical addresses, legal names, and all other information to enable service of process required by the Hague Convention.  And the modes of service contemplated by N.Y.C.P.L.R. § 308(1), (2), and (4) are all available. Admittedly, Defendants listed a convenient online chat option to communicate with customers. Yet, this convenient option is intended primarily for communications related to customers' questions about purchases only. It is not a shortcut for Plaintiff to circumvent the service of process requirements, at the expense of Defendants, mandated by the Hague Convention.

Allowing Plaintiff Service of Process via Electronic Mail Violates Due Process

184.     Under Federal Rule of Civil Procedure 4(f)(3), "a Court may fashion means of service on individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process."

---

[25] *See Cengage Learning, Inc. v. Doe 1,* No. 18-CV-403 (RJS), 2018 WL 2244461, at *4 (S.D.N.Y. Jan. 17, 2018)

185.    Here, by not serving Defendant with mail services prescribed by The Central Authority of China, Defendant did not have adequate and timely knowledge of this suit. Admittedly, electronic mails transmit documents sooner than traditional mails. And it is also true that Defendant will read the actual complaint and summon sooner than traditional mails. Even though, the documents transmitted are formal court documents, Defendant did not have adequate notice because the particular way (i.e., by electronic mail) that the complaints and summons are handled is informal and does not give rise to adequate notice to Defendant.

186.    As was discussed in the previous section, The Supreme People's Court of The People's Republic of China requires court documents to be delivered by mail services appointed by the People's Court.[26] Defendants reside in China and has never been to the U.S., and thus do not have knowledge of the U.S. legal system. Defendants have knowledge, at most, of how courts in China serve complaints and summons. By receiving court documents via mail services authorized and certified by The Supreme People's Court of The People's Republic of China, Defendant would have known that such documents are genuine, and thus would have sought legal counsel at a much earlier stage. In addition, it is widely known that many scammers sent phishing emails to innocent Chinese sellers like Defendant because personal information is often sold to scammers.[27] Service of process by electronic mail confuses Defendants further as to the authenticity of these documents under the circumstances.

187.    Plaintiff, with the option to comply with the Hague Convention, purposefully chose to email complaint and summon to Defendants, knowing that emails will be possibly screened by spam filters or buried in other junk emails. Delayed response from Defendants disadvantaged

---

[26] *See* Regulations of the Supreme People's Court regarding Court Appointed Mail Services in Civil Litigations, The Supreme People's Court, available at http://www.court.gov.cn/shenpan-xiangqing-1263.html.

[27] *See* Engen Tham, *Data dump: China sees surge in personal information up for sale*, REUTERS.COM (AUGUST 22, 2018) https://www.reuters.com/article/us-china-dataprivacy/data-dump-china-sees-surge-in-personal-information-up-for-sale-idUSKCN1L80IW

Defendants because Defendants could neither defend themselves timely against TRO nor attended related hearings. Due to lack of adequate notice, Defendants already missed multiple deadlines to answer, plead, or otherwise respond to this suit, and were thus prejudiced by Plaintiff's improper service of process. It is also a waste of judicial resources because the Court spent a considerable amount of time and resources to make rescheduling among parties.

**First Sale Defense Applies If The Alleged Infringing Product Is Not Counterfeit**

188.     As a general rule, trademark law does not reach the sale of genuine goods bearing a true mark even though the mark owner does not authorize the sale … Thus, a distributor who resells trademarked goods without change is not liable for trademark infringement.[28] Importantly, the branded item must be in an unchanged state.[29] When trademarked goods are materially different from the goods that the trademark is known to represent, the infringer cannot use the first sale doctrine as a defense.[30]

189.     It is probable that the alleged infringing UNO product is genuine UNO product because Plaintiff used inaccurate comparison method. The reasoning is that Plaintiff is comparing UNO products sold within the U.S. to UNO products sold in China. Pending discovery against Plaintiff, Plaintiff might be selling UNO cards in China with packaging different from its U.S. UNO products. In fact, on JD.com, many genuine UNO products are different from what Plaintiff claims to be genuine U.S. UNO cards. JD.com is a NASDAQ company and is China's biggest online retailer, which takes a strict zero-tolerance approach to counterfeits to ensure that only the highest quality, genuine products reach JD.com's customers.[31] Thus, the alleged infringing products might be UNO's Chinese version, instead of counterfeit.

---

[28] *See Polymer Technology Corp. v. Mimran,* 975 F.2d 58, 61 (2d Cir. 1992)

[29] *See Dan-Foam A/S v. Brand Named Beds, LLC,* 500 F. Supp. 2d 296, 317 (S.D.N.Y. 2007)

[30] *Id.*

[31] *See* Richard Liu*, Connecting Consumers Directly to Global Products,* JD.COM (2004) https://corporate.jd.com/aboutUs

## UNO Product



Figure 7. Plaintiff's genuine UNO product in the U.S.



Figure 8. Genuine UNO products on JD.com

190.    If the alleged infringing UNO product is not proven counterfeit by Plaintiff by the preponderance of evidence. Defendants are not liable for infringement because there is no material difference between the alleged infringing products and Plaintiff's UNO products since Plaintiff stipulates in its complaint in paragraph 88 that the alleged infringing UNO products are "indistinguishable from Plaintiff's UNO Products."

**Defendants Lack Willfulness Even If the Alleged Infringing Product Is Counterfeit**

191.    Even if there is any infringement of Plaintiff's trademark/copyright, Defendants' act was not willful.

192.    Defendants do not have actual or apparent knowledge that the infringing product is possibly counterfeit. Defendants are not manufacturers. Defendants use reasonable care when purchasing products because Defendants purchased products from reputable sources. Sellers who sold UNO products to Defendants guaranteed that the products were genuine. Defendants compared the purchased UNO products with what Defendants reasonably believed to be genuine UNO products on the Chinese market. Within Defendants' best knowledge, Defendants could not tell the difference between these products either, just like any other people, including many customers and Plaintiff itself, since Plaintiff stipulates in its complaint in paragraph 88 that the alleged infringing UNO products are "indistinguishable from Plaintiff's UNO Products."

193.    Defendants did not even have reasonable suspicion about the authenticity of the products because the purchase price is reasonable.

**No Competition between the Alleged Infringing Products and Plaintiff's Products**

194.    Defendants sell products on Aliexpress.com and Dhgate.com. Upon believe and information, Plaintiff does not offer for any UNO products on Aliexpress.com or Dhgate.com. Defendants cannot be said to compete with Plaintiff on Aliexpress.com or Dhgate.com because Plaintiff does not do business on the same platform and thus is not even a competitor.

**No Damage of Reputation to Plaintiff**

195.    Because Defendants' alleged infringing products are "indistinguishable from Plaintiff's UNO Products," Defendants were at least selling products with comparable quality with Plaintiff's products. If Defendants' alleged infringing products were inferior in terms of quality, Defendants would have caused customers to cast doubt on the reputation of Plaintiff, which is not the case in this suit.

## <u>DEFENDANTS' PRAYER FOR RELIEF</u>

**WHEREFORE**, Defendants pray that

1. Plaintiff take nothing by way of this action;

2. The Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3. Defendants be awarded costs of suit, attorneys' fees and any other relief which the Court deems proper.

4. Plaintiff be awarded only compensation based on Defendants' profit from sales of the alleged infringing products if the Court finds Defendants liable for infringement.

Respectfully submitted,

March 18th, 2019.

By: s/Xuanye Wang
Xuanye Wang
Attorney for Defendants
Animefun Store, Bingo1993, Bingoes Hot Toy
Factory, Miliy Store, and Q374428329
Email: evelynwang@whitewoodlaw.com