*Any and all requests for sanctions are deferred until after resolution of the merits of the case.*

**SO ORDERED**
*Loretta A. Preska*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE
4/30/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL INC., | ) |
| Plaintiff, | ) CASE NO. 18-CV-8824 (LAP) |
| vs. | ) |
| ANIMEFUN STORE, ET AL., | ) |
| Defendants. | ) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 5-1-19

### REQUEST FOR SANCTION AGAINST JASON DRANGEL AND ASHLY SANDS FOR IMPROPER CONDUCTS DURING COMMUNICATION

Dear Hon. Judge Preska,

I am Xuanye Wang, Attorney for Defendants Animefun Store, Bingo1993, Bingoes Hot Toy Factory, Miliy Store, and Q374428329. I am respectfully asking this Court for sanction against Plaintiff's Counsel Jason Drangel and Ashly Sands for professional misconducts during prior communications with me.

On April 29th, 2019, in response to my proposed discovery plan, Plaintiff's Counsel Jason Drangel sent me a very unprofessional email. *See* Exhibit A.

In his email, Mr. Drangel and Ms. Sands accused me, based on unfounded hearsay, that I had disclosed "confidential settlement terms." Yet, I have no knowledge of any "confidential settlement terms" that I reached with Plaintiff's Counsel in any case. In fact, I have never even proposed any "confidential settlement agreement" with Plaintiff's Counsel.

This conduct is egregious because it is willful, malicious, and repeated. It is willful because Mr. Drangel had the imputed knowledge of the falsity through my communication with Ms. Sands, who accused me of leaking "confidential settlement agreement" in a different case on April 19th, 2019. *See* Exhibit B. I told Ms. Sands that this was untrue and I asked Ms. Sands for the source of this rumor because I am retaining legal representations for investigation. *See* Exhibit C. Ms. Sands never responded. It is malicious because Mr. Drangel's accusation has no bearing on this case except for the

1

purposes of embarrassing and harassing me. It is repeated because Mr. Drangel made the same baseless accusation against me after his colleague Ms. Sands did the same.

Also, I have reasonable suspicion that Mr. Drangel has been spreading untrue rumors against me to other attorneys because Mr. Drangel admitted in his email that he had already spoken with his "attorney friends in the ND IL" about me that I "was not doing [myself] any favors in how [I was] handling these cases to date." I do not know the relevance of Mr. Drangel's attorney friends in the ND IL to this case at hand, but I believe that it is against professional ethics and etiquettes to spread negative views of opposing counsel to others.

Most egregiously, Mr. Drangel accused me of violating NY State Bar rules by holding myself out "as a partner in a law firm...prior to then entity being incorporated." This accusation violates Rules of Professional Conduct.

Although ethics opinions of state bar associations are not binding on the courts that decide disciplinary complaints, their analysis is often thoughtful and comprehensive and therefore they are a source of useful guidance to both attorneys and the courts.

In 1998, the Nassau County Bar Ethics Committee opined that threatening to file a disciplinary grievance if an adversary attorney refused to improve a settlement offer would violate Rule of Professional Conduct, even though the rule says nothing about threats of disciplinary actions. See Nassau County Bar Ethics Opinion 98-12 (1998).

In *Zubulake v. UBS Warburg LLC*, 230 F.R.D. 290 (S.D.N.Y. 2003), Judge Scheindlin extended DR 7-105, the predecessor of Rules of Professional Conduct, beyond the purely criminal context holding that it was impermissible to report a regulatory violation to securities regulators to gain an advantage in a civil suit.

The New York City Bar ruled that Rule 4.4(a) also prohibits threats to report disciplinary violations when the threat serves no substantial purpose other than to embarrass or harm the other lawyer or the lawyer's client.[1]

New York Rules of Professional Conduct Rule 3.4(e) also provides:

A lawyer SHALL NOT: (e) present, participate in presenting, or threaten to present, criminal charges solely to obtain an advantage in a civil matter.

All Mr. Drangel's accusations, including the alleged disclosure of the "confidential terms," and my violation of NY state bar rules, along with his spreading rumor of how I did not do myself a favor to his attorney friends in the ND IL, serve no substantial purpose in this case. I do not see how the alleged "violations" affected Plaintiff or Plaintiff Counsel. Instead, Mr. Drangel's email serves only to embarrass me and to create unfair leverage in negotiation because he and Ms. Sands always have the option to report me to authorities for my misconduct at their free will.

Just as Mr. Drangel stated in his email, he is a litigator for 27+ years, and I should learn from him because I am just a new attorney. Yet, Mr. Drangel, as a long time litigator of this Court, for purpose of gaining unfair leverage, violated ethics rules and substantially obstructed justice of this Court.

Therefore, I am respectfully asking this Court for its attention to this matter and issue sanction order and/or other orders that this Court seems proper for deterrence.

Respectfully submitted,

April 30th, 2019.                By: s/Xuanye Wang
                                 Xuanye Wang
                                 Attorney for Defendants
                                 Animefun Store, Bingo1993, Bingoes Hot Toy
                                 Factory, Miliy Store, and Q374428329
                                 Email: evelynwang@whitewoodlaw.com

---

[1] Rule 4.4.(a) provides: In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass or harm a third person or use methods of obtaining evidence that violate the legal rights of such a person.

3

# Exhibit A

📧 RE: Mattel 18-cv-8824 - re: Miliy Store , Bingoes Hot Toy Factory, AnimeFun Store, Q374428329...



**Jason M. Drangel <JDrangel@IPCOUNSELORS.COM>**

Show Details

You replied to this message on 4/29/19, 5:29 PM.

Evelyn:

Ashly is out of the office this week so you have the pleasure of working with me. As a new attorney to the bar, you may want to take some advice from a litigator with 27+ years experience. threats of sanctions should not be thrown around recklessly and cooperation with your counterparts is best for you and your clients in the long run. I have already spoken with our attorney friends in the ND IL about you and you are not doing yourself any favors in how you are handling these cases to date. As Ashly indicated and despite your denials regarding same, multiple sources have confirmed that you have already violated both attorney etiquette and confidentiality by disclosing confidential settlement terms. I also believe you violated NY State bar rules by holding your self out as a "partner" in a law firm (made up of a name with no relevancy) prior to the entity being incorporated. I suggest you take a step back and re-assess your conduct and approach to the practice of law.

As for the matter at hand, the Honorable Judge Preska asked us for a letter to be filed on May 1 with the following:

- *Confirmation that you have conferred with your clients and to set a date in which your client will comply with the expedited discovery order.* Is it your position that the attachment sent today is your client's full disclosure?
- *Parties must agree and set a date for when Rule 34 request will be served.* You identify an initial disclosure deadline below – but that is a different requirement. That date is fine for the disclosure and we suggest June 15 for deadline to serve discovery demands under Rule 33, 34 & 36.
- *Parties must agree and set discovery plan.* Your proposed deadlines for discovery and expert testimony are satisfactory.

Jason



Jason M. Drangel

T:
E:
website | bio | vcard | map

# Exhibit B

**Ashly Sands <ASands@IPCOUNSELORS.COM>**

Show Details

You replied to this message on 4/21/19, 11:36 PM.

\*\*\*FRE 408 - CONFIDENTIAL SETTLEMENT COMMUNICATION\*\*\*

Evelyn,

We absolutely DO NOT consent to a stay.

We have repeatedly offered to engage in settlement discussions and to that end have made reasonable and justified settlement offers based on the evidence that we have collected of your clients' counterfeiting activities. To date you have failed to provide any reasonable counterproposal. Further, I would like to remind you that all of your unnecessary, and for the most part, improper filings are requiring us (and your clients) to expend further legal fees that your client will end up having to pay in the end. Finally, in light of information that we have received that you have been sharing CONFIDENTIAL settlement agreements over the internet to promote your services, I would like to make clear that ANY and ALL dicussions/communications that you engage in with us are to be strictly confidential pursuant to FRE 408. To the extent we discover that you have shared any confidential dicussions, communications or information please be aware that we will not hesitate to move for sanctions against you.

Since you have refused to engage in fruitful settlement dicussions or follow proper federal court procedure, we think it is in the best interest of all parties to appear before the court to move this case along.

We look forward to seeing you at the hearing next week unless you have settlement proposals that are worth our consideration.

Best,
Ashly



Ashly E. Sands

T:
E:

website blog linkedin vCard Imap

# Exhibit C



**evelyn wang**

Dear Ashly,

Please let me know who tipped you for the leaking of the so-called "Confidential settlement agreement."
I have been harrassed and defamed by these "tippers", and I have retained legal counsel to investigate these tippers.

Thanks.

On Apr 19, 2019, at 1:24 PM, Ashly Sands <Asands@ipcounselors.com> wrote:

> ***FRE 408 - CONFIDENTIAL SETTLEMENT COMMUNICATION***
>
> Evelyn,
>
> We absolutely DO NOT consent to a stay.
>
> We have repeatedly offered to engage in settlement discussions and to that end have made reasonable and justified settlement offers based on the evidence that we have collected of your clients' counterfeiting activities. To date you have failed to provide any reasonable counterproposal. Further, I would like to remind you that all of your unnecessary, and for the most part, improper filings are requiring us (and your clients) to expend further legal fees that your client will end up having to pay in the end. Finally, in light of information that we have received that you have been sharing CONFIDENTIAL settlement agreements over the internet to promote your services, I would like to make clear that ANY and ALL dicussions/communications that you engage in with us are to be strictly confidential pursuant to FRE 408. To the extent we discover that you have shared any confidential dicussions, communications or information please be aware that we will not hesitate to move for sanctions against you.
>
> Since you have refused to engage in fruitful settlement dicussions or follow proper federal court procedure, we think it is in the best interest of all parties to appear before the court to move this case along.
>
> We look forward to seeing you at the hearing next week unless you have settlement proposals that are worth our consideration.
>
> Best,
> Ashly
>
> Ashly E. Sands

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Letter re Sanction was filed via fax that will be sent via email notification of such filing to the following attorney(s) of record:

Jason M. Drangel
Epstein Drangel LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
T: 212.292.5390
E: Jdrangel@ipcounselors.com

Ashly E. Sands
Epstein Drangel LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
T: 212.292.5390
E: Asands@ipcounselors.com

April 30th, 2019.                By: s/Xuanye Wang
                                      Xuanye Wang
                                      Attorney for Defendants
                                      Animefun Store, Bingo1993, Bingoes Hot Toy Factory,
                                      Miliy Store, and Q374428329
                                      Email: evelynwang@whitewoodlaw.com