**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTEL INC., | Case No.: 18-CV-8824-LAP |
| Plaintiff, | |
| vs. | **MOTION TO DISMSS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS** |
| ANIMEFUN STORE, ET AL., | |
| Defendants. | |

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND**

**INSUFFICIENT SERVICE OF PROCESS**

Defendants Animefun Store, Bingo1993, Bingoes Hot Toy Factory, Miliy Store, and Q374428329 (collectively "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5), hereby move to dismiss the complaint for lack of personal jurisdiction and insufficient service of process.

Defendants' motion to dismiss is proper and not waived because Defendants raised both defenses in the answer. Defendants' motion is timely because it is still in pre-trial stage and the trial date is not set yet.

**ARGUMENT**

**New York District Court Lacks Personal Jurisdiction**

1.  A court may exercise "specific jurisdiction" over a defendant for a cause of action "arising out of or related to the defendant's contacts with the forum."[1] Personal jurisdiction of a court over a non-domiciliary defendant turns on the state long-arm statute and due process requirement.[2] Defendants do not contest the applicability of New York long-arm statute. Thus, personal jurisdiction ultimately

---

[1] *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414-16 (1984).
[2] *See Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 243-44 (2d Cir. 2007).

MOTION TO DISMSS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS  - 1

turns on whether personal jurisdiction violates due process. Analysis of due process entails two essential components: the "minimum contacts" inquiry and the "reasonableness" inquiry.[3]

### No Minimum Contact with New York

2.  With respect to analysis of minimum contacts as part of the due process inquiry, the Court asks whether the defendant has sufficient contacts with the forum state to justify such personal jurisdiction.[4] Second Circuit looks at totality of Defendant's contacts with the forum state to determine whether Defendant has minimum contacts with New York in order to exercise personal jurisdiction over Defendant.[5] In *Chloe*, a trademark infringement case, an employee's single act of shipping a counterfeit handbag to New York, combined with his employer's extensive business activity involving New York, gave rise to personal jurisdiction over the employee.[6] Second Circuit Court reasoned that the "single act" of selling counterfeit goods into New York satisfied the long-arm statute that confers personal jurisdiction on Defendant.[7]

3.  New York District Court lacks personal jurisdiction over Defendants AnimeFun Store, Bingoes Hot Toy Factory, and Miliy Store. Even though Plaintiff alleged that these Defendants had sold some counterfeit UNO products to New York, such allegation is based on improper comparison with other genuine UNO products. It is probable that what Defendants sold to New York were genuine Chinese version UNO products since these Defendants are based in China and purchased products in China. And upon belief and information, pending discovery against Plaintiff, Plaintiff sells UNO

---

[3] *See Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010).
[4] *See Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement,* 326 U.S. 310, 316 (1945)
[5] *See Chloe at* 164.
[6] *Id.*
[7] *Id.* at 170.

MOTION TO DISMSS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS  - 2

products, with different packaging in China because Chinese law has specific requirements in terms of toy packaging.

4.      In addition, these three Defendants do not have extensive business activity in New York. Defendants never advertised to New York customers. In fact, these Defendants never wanted to conduct business in New York because among all their business, very small fraction of goods were shipped to New York.

5.      New York District Court lacks personal jurisdiction over Defendants Bingo1993 and Q374428329 because these Defendants sold zero alleged infringing product to New York. Since there is no single act of selling counterfeit goods into New York, the case here involving Defendants Bingo1993 and Q374428329 is materially different from *Chloe*, where defendants in *Chloe* at least sold one counterfeit bag to New York. In addition, Defendants Bingo1993 and Q374428329 do not have extensive business activity in New York. Defendants never advertised to New York customers. Defendant never wanted to conduct business in New York because among all their business, very small fraction of goods were shipped to New York.

6.      One the other hand, there is no specific personal jurisdiction that allows Plaintiff to have any cause of action arising out of or related Defendants Bingo1993 and Q374428329 contacts with the forum state. Even though Defendants Bingo1993 and Q374428329 sold products to New York, these products are unrelated not alleged infringing products. Because specific personal jurisdiction cannot be based on unrelated contact with the forum state, it is unnecessary to even conduct the two-step analysis for Defendants Bingo1993 and Q374428329.

<center>Unreasonable to Exercise Personal Jurisdiction</center>

7.      With respect to analysis of reasonableness, the Court asks whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice"—that is, whether it

is reasonable to exercise personal jurisdiction under the circumstances of the particular case.[8] The Supreme Court evaluates the following factors as part of this "reasonableness" analysis: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.[9]

8. It is not reasonable to exercise personal jurisdiction over Defendants. The burden that the exercise of personal jurisdiction on Defendant is very high because Defendants are hobby sellers who reside outside the States. The interest of the forum state in adjudicating the case is not high because Plaintiff, Mattel Inc. is a California corporation. If there is any state for adjudication, the case should be litigated in California. Plaintiff might have interest in obtaining relief in New York court, but even if Plaintiff prevails in this case, it is impossible to enforce the judgment because Defendants reside in China, with bank accounts in China. It takes great amount of time and resource to enforce a U.S. judgment in China even when the service of process is proper, which is insufficient as discussed below.

**Plaintiff's Service of Process Using Electronic Mail is Insufficient**

9. The service process was improper because it was not made in accordance with Fed. R. Civ. P. 4(f). Under Fed. R. Civ. P. 4(f), "unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

---

[8] *Id.*
[9] *See Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113–14, (1987)

MOTION TO DISMSS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS  - 4

    (1)    by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

<div align="center">Application of the Hague Convention is Proper</div>

10. Service of an individual in a foreign country may be accomplished by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents".[10] Article 1 of Hague Convention requires that "[t]he present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad. This Convention shall not apply where the address of the person to be served with the document is not known."[11]

11. The Hague Convention applies in this case. First, the alleged Trademark/Copyright infringement is civil matter. Second, China is a signatory to the Hague Convention because China acceded to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, also called the Hague Service Convention in 1991, and its provisions entered into force in 1992.[12] Third, Plaintiff clearly knew the exact address of Defendants AnimeFun Store, Bingoes Hot Toy Factory, and Miliy Store, shown below in Figures 1 through 6.

---

[10] *See* Fed. R. Civ. P. 4(f).
[11] *See* Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Hague Conference on Private International Law, available at https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf.
[12] *See* Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters- Status Table, Hague Conference on Private International Law, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

MOTION TO DISMSS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS - 5

Unlike many other defendants in prior cases where online sellers hid physical addresses, all five answering Defendants in this case voluntarily used their real physical addresses to register for their online seller accounts. Anyone, including Plaintiff, can click on business information button and see Defendants AnimeFun Store, Bingoes Hot Toy Factory, and Miliy Store's business information on theses Defendants' storefront.

12. Due to technical difficulty, Dhgate.com cannot display Defendants Bingo1993 and Q374428329 detailed business information. There is no intentional concealment on the part of Defendants Bingo1993 and Q374428329 because they submitted their business information upon setting up the online store. It is Dhgate.com that negligently failed to display these Defendants' business information. On the other hand, Plaintiff failed to contact either Dhgate.com or Defendants Bingo1993 and Q374428329 to obtain valid business information for service of process purpose.

13. Thus, this case does not fall into the exception where the address of the person to be served with the document is not known.

14. Therefore, the Hague Convention applies, and the service of process is improper.

MOTION TO DISMSS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS  - 6



*Figure 1. Defendant AnimeFun Storefront (arrow shows how to access store business information)*

*Figure 2. Defendant AnimineFun's business information on storefront, including address in China, owner's legal name, company name, registration number, and etc.*

MOTION TO DISMSS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS  - 7

Case 1:18-cv-08824-LAP   Document 69   Filed 10/13/19   Page 8 of 14



*Figure 3. Defendant Bingoes Hot Toys Factory Storefront (arrow shows how to access store business information.)*



*Figure 4. Defendant Bingoes Hot Toy Factory Storefront (arrow shows how to access store business information)*

MOTION TO DISMSS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS  - 8



*Figure 5. Defendant Miliy Store Storefront (arrow shows how to access store business information)*



*Figure 6. Defendant Miliy's Store's business information on storefront, including address in China, owner's legal name, company name, registration number, and etc.*

MOTION TO DISMSS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS - 9

Application of the Hague Convention is Exclusive

15.     Service of process under the Hague Convention is the exclusive means of service of process to foreign corporations.[13] By virtue of the Supremacy Clause, U.S. Const., Art. VI, the Hague Convention preempts inconsistent methods of service prescribed by state law in all cases to which it applies.[14] The U.S. Supreme Court agrees that the Hague Convention provides simple and certain means by which to serve process on a foreign national.[15] Those who eschew its procedures risk discovering that the forum's internal law required transmittal of documents for service abroad, and that the Convention therefore provided the exclusive means of valid service.[16] In addition, parties that comply with the Convention ultimately may find it easier to enforce their judgments abroad.[17]

16.     Article 5 of the Hague Convention stipulates that "[t]he Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either –

   a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or

   b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed."[18]

---

[13] *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 706 (1988).
[14] *Id.* at 699.
[15] *Id.* at 706.
[16] *Id.*
[17] *Id.*
[18] *See* China - Central Authority & Practical Information, Hague Conference on Private International Law, available at https://www.hcch.net/en/states/authorities/details3/?aid=243.

MOTION TO DISMSS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS  - 10

17. The Central Authority of China has the following requirements, among others, for service of process in China from the US: Plaintiff must file required documents, including but not limited to, United States Marshals Service Form USM-94, original and Chinese translation of any documents and evidence, to the Central Authority of China.[19] And the Central Authority of China refers the document to the competent court.[20] The court in China will serve the document directly to the addressee or the person who is entitled to receive the document.[21] There is no such method as informal delivery in the Chinese domestic law, and the addressee may refuse to accept it in any case.[22] The Supreme People's Court of The People's Republic of China (the People's Court) requires court documents to be delivered by mail services appointed by the People's Court.[23]

18. Because China's internal law does not allow service by electronic mail, and because this court allowed Plaintiff to serve Defendant via electronic mail, a method incompatible with the law of the State addressed, the Hague Convention preempts the Plaintiff's requested electronic mail service of process. The electronic mail service is thus insufficient and ineffective.

<u>Allowing Plaintiff Service of Process via Electronic Mail Violates N.Y.C.P.L.R. § 308(5).</u>

19. According to Rule 308(5) of the New York Civil Practice Law and Rules, service is permitted "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." Paragraphs one, two, and four provide for: "(1)

---

[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *See* <u>Regulations of the Supreme People's Court regarding Court Appointed Mail Services in Civil Litigations</u>, The Supreme People's Court, available at http://www.court.gov.cn/shenpan-xiangqing-1263.html.

MOTION TO DISMSS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS - 11

personal service; (2) delivering the summons to a person of suitable age and discretion at the individual's actual place of business, dwelling place] or usual place of abode, and mailing it; (3) serving the individual's agent; or (4) affixing the summons to the individual's actual place of business, dwelling place, or usual place of abode, and mailing it."[24]

20.     This Court allowed email service of process when foreign defendants did not have any physical address on the defendants' storefront and the primary or even exclusive way of communication was through email.[25] In addition to the reasoning that email is the primary or exclusive means of communication, the Court reasoned that because "[n]o information is listed on the Online Storefronts' pages revealing any true legal names or physical addresses for Defendants or their Online Storefronts, " and that Defendants appeared to have concealed their true identities and contact information, besides the email addresses identified by Plaintiffs, the Court finds that the modes of service contemplated by N.Y.C.P.L.R. § 308(1), (2), and (4) are impracticable, and that service by email is appropriate and satisfies due process.

21.     Here, service of process via electronic mail is improper because Defendant has provided physical address, legal name, and all other information to enable service of process required by the Hague Convention.  And the modes of service contemplated by N.Y.C.P.L.R. § 308(1), (2), and (4) are all available. Admittedly, Defendants listed a convenient online chat option to communicate with customers. Yet, this convenient option is intended primarily for communications related to customers'

---

[24] *See Sec. Exch. Comm'n v. Nnebe*, No. 01-cv-5247 (KMW) (KNF), 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003).
[25] *See Cengage Learning, Inc. v. Doe 1,* No. 18-CV-403 (RJS), 2018 WL 2244461, at *4 (S.D.N.Y. Jan. 17, 2018)

MOTION TO DISMSS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS  - 12

questions about purchases only. It is not a shortcut for Plaintiff to circumvent the service of process requirements, at the expense of Defendants, mandated by the Hague Convention.

<u>Allowing Plaintiff Service of Process via Electronic Mail Violates Due Process</u>

22. Under Federal Rule of Civil Procedure 4(f)(3), "a Court may fashion means of service on individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process."

23. Here, by not serving Defendant with mail services prescribed by The Central Authority of China, Defendant did not have adequate and timely knowledge of this suit. Admittedly, electronic mails transmit documents sooner than traditional mails. And it is also true that Defendant will read the actual complaint and summon sooner than traditional mails. Even though, the documents transmitted are formal court documents, Defendant did not have adequate notice because the particular way (i.e. by electronic mail) that the complaints and summons are handled is informal and does not give rise to adequate notice to Defendant.

24. As was discussed in the previous section, The Supreme People's Court of The People's Republic of China requires court documents to be delivered by mail services appointed by the People's Court.[26] Defendants reside in China and has never been to the U.S., and thus do not have knowledge of the U.S. legal system. Defendants have knowledge, at most, of how courts in China serve complaints and summons. By receiving court documents via mail services authorized and certified by The Supreme People's Court of The People's Republic of China, Defendant would have known that such

---

[26] *See* <u>Regulations of the Supreme People's Court regarding Court Appointed Mail Services in Civil Litigations</u>, The Supreme People's Court, available at http://www.court.gov.cn/shenpan-xiangqing-1263.html.

MOTION TO DISMSS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS - 13

documents are genuine, and thus would have sought legal counsel at a much earlier stage. In addition, it is widely known that many scammers sent phishing emails to innocent Chinese sellers like Defendant because personal information is often sold to scammers.[27] Service of process by electronic mail confuses Defendants further as to authenticity of these document under the circumstances.

25.     Plaintiff, with the option to comply with the Hague Convention, purposefully chose to email complaint and summon to Defendants, knowing that emails will be possibly screened by spam filters or buried in other junk emails. Delayed response from Defendants disadvantaged Defendants because Defendants could neither defend themselves timely against TRO nor attended related hearings. Due to lack of adequate notice, Defendants already missed multiple deadlines to answer, plead, or otherwise respond to this suit, and were thus prejudiced by Plaintiff's improper service of process. It is also a waste of judicial resources because the Court spent considerable amount of time and resources to make rescheduling among parties.

**CONCLUSION**

For the foregoing reasons the Defendants' Motion to Dismiss should be granted.

Respectfully submitted,

October 13th, 2019.

By: s/Shengmao Mu
Shengmao Mu
Attorney for Defendants
Miliy Store, Bingoes Hot Toy Factory, AnimeFun Store, Q374428329 and Bingo1993
Email: mousamuel@whitewoodlaw.com

---

[27] *See* Engen Tham, *Data dump: China sees surge in personal information up for sale*, REUTERS.COM (AUGUST 22, 2018) https://www.reuters.com/article/us-china-dataprivacy/data-dump-china-sees-surge-in-personal-information-up-for-sale-idUSKCN1L80IW

MOTION TO DISMSS FOR LACK OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS  - 14