Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle (Yamali) Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC.<br><br>*Plaintiff*<br><br>v.<br><br>ANIMEFUN STORE, ARMING, BINGO1993, BINGOES HOT TOY FACTORY, BLOSSOMING STORE, CHENGDU XIANGZE DISCOUNT STORE, CHINA_ENERGY, CHINA_SOULDOO, D-BANDS STORE, DHGATETOYSFACTORY, DIVERSE SATISFY GOODS SHOP, DONGGUAN BRILLIANT PACKAGING CO., LTD., DOUBLED, FIREFOX OUTDOOR STORE, FZCSPEEDS STORE, GIFT_MASTER, GLOBLE VILLAGE OUTDOOR STORE, GUANGZHOU YUAN CAI PACKAGING CO., LTD., HITORHIKEOUTDOORS STORE, HSPZCJ STORE, IMDG STORE, ITMOMO, JIANGXI HENGTE INDUSTRY CO., LTD., KEEP FORTH STORE, KIMWOOD1608, KYSHADOW, MAYANLISHOP, MILIY STORE, MORELUER FISHING GEAR STORE, PARTY PERFECTO(YIWU RIDOU IMP.& EXP. CO.,LTD.) STORE, POND, Q374428329, RC CAMERA DRONE STORE, ROCKY_STORE, RUNACC STORE, SEE YOU OUTDOORS STORE, SHENZHEN AO YE MEI TECHNOLOGY CO., LTD., SHENZHEN WEICHENGWANG PAPER PACKAGING CO., | **CIVIL ACTION No. 18-cv-8824 (LAP)**<br><br>[REVISED PROPOSED]<br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

LTD., SHENZHEN YONGXIN TECHNOLOGY CO., LTD., SHIJIAZHUANG ZHUXIN INDUSTRY & TRADE CO., LTD., SHOP FUN STORE, SHOP3615057 STORE, SIXIN_TOY, STAR PENG MUSICAL INSTRUMENTS, SUNMA STORE, TINA310, TOYS_CAROL, WE OUTDOOR STORE, WHOLESALECARD, XIONGQIN2017, YIWU SUNPEND IMPORT & EXPORT CO., LTD., YUFANWATCH, ZHANG0828 and ZHX OUTDOOR STORE,

*Defendants*

**GLOSSARY**

| Term | Definition | Docket Entry No. |
|---|---|---|
| **Plaintiff or Mattel** | Mattel, Inc. | N/A |
| **Defendants** | AnimeFun Store, arming, bingo1993, Bingoes Hot Toy Factory, Blossoming Store, Chengdu Xiangze Discount Store, china_energy, china_souldoo, d-bands Store, dhgatetoysfactory, Diverse Satisfy Goods Shop, Dongguan Brilliant Packaging Co., Ltd., doubled, FireFox outdoor Store, FZCSPEEDS Store, gift_master, Globle Village Outdoor Store, Guangzhou Yuan Cai Packaging Co., Ltd., hitorhikeoutdoors Store, HSPZCJ Store, IMDG Store, itmomo, Jiangxi Hengte Industry Co., Ltd., Keep Forth Store, kimwood1608, kyshadow, mayanlishop, Miliy Store, moreluer Fishing gear Store, Party Perfecto(Yiwu Ridou Imp.& Exp. Co.,Ltd.) Store, Pond, q374428329, RC Camera Drone Store, rocky_store, RUNACC Store, See You Outdoors Store, Shenzhen Ao Ye Mei Technology Co., Ltd., Shenzhen Weichengwang Paper Packaging Co., Ltd., Shenzhen Yongxin Technology Co., Ltd., Shijiazhuang Zhuxin Industry & Trade Co., Ltd., Shop Fun Store, Shop3615057 Store, sixin_toy, Star Peng Musical Instruments, Sunma Store, tina310, toys_carol, We Outdoor Store, wholesalecard, xiongqin2017, Yiwu Sunpend Import & Export Co., Ltd., yufanwatch, zhang0828 and ZHX Outdoor Store | N/A |
| **Defaulting Defendants** | arming, Blossoming Store, Chengdu Xiangze Discount Store, china_energy, china_souldoo, d-bands Store, dhgatetoysfactory, doubled, FZCSPEEDS Store, gift_master, Globle Village Outdoor Store, HSPZCJ Store, IMDG Store, itmomo, Jiangxi Hengte Industry Co., Ltd., | N/A |

|  | kimwood1608, kyshadow, mayanlishop, moreluer Fishing gear Store, Party Perfecto(Yiwu Ridou Imp.& Exp. Co.,Ltd.) Store, Pond, RC Camera Drone Store, rocky_store, Shenzhen Weichengwang Paper Packaging Co., Ltd., Shenzhen Yongxin Technology Co., Ltd., Shijiazhuang Zhuxin Industry & Trade Co., Ltd., Shop Fun Store, Shop3615057 Store, sixin_toy, Star Peng Musical Instruments, Sunma Store, tina310, toys_carol, We Outdoor Store, wholesalecard, xiongqin2017, Yiwu Sunpend Import & Export Co., Ltd., yufanwatch, zhang0828 and ZHX Outdoor Store |  |
|---|---|---|
| **Complaint** | Plaintiff's Complaint filed on September 26, 2018 | 15 |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing alternative service and 5) an order authorizing expedited discovery filed on September 26, 2018 | 21-24 |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application | 22 |
| **Adler Dec.** | Declaration of Ray Adler in Support of Plaintiff's Application | 23 |
| **Wolgang Dec.** | Declaration of Spencer Wolgang in Support of Plaintiff's Application | 24 |
| **UNO Registrations**[1] | U.S. Trademark Registration No. 1,005,397 for "UNO" for goods in Class 28 and U.S. Trademark Registration No. 5,125,593 for "UNO" for goods in Class 9 | N/A |
| **UNO Marks** | The marks covered by the UNO Registrations | N/A |
| **UNO Products** | UNO is a card game wherein players begin with seven cards, and through each turn, attempt to match a card in | N/A |

---

[1] Plaintiff is not seeking default judgment with respect to U.S. Trademark Registration No. 2,008,897, which was included in its Complaint, as it has allowed said registration to lapse.

| | | |
|---|---|---|
| | his or her hand with a card on the deck, or be forced to draw an additional card. Players attempt to be the first to successfully discard all of his or her cards. When a player has a single card remaining, he or she must announce "Uno!" to the other players, providing a warning that the game is nearly complete, or risks a penalty. Beyond the classic UNO game described above, Plaintiff has also released additional games under its UNO brand, such as UNO Attack, UNO Wild Jackpot, UNO MOD and more, including themed card decks. | |
| **Counterfeit Products or Infringing Products** | Products bearing or used in connection with the UNO Marks and/or products in packaging and/or containing labels bearing the UNO, and/or bearing or used in connection with marks that are confusingly similar to the UNO Marks and/or products that are identical or confusingly similar to the UNO Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **New York Addresses** | 228 Park Ave South, Irving, New York 10003 and<br>105 Avenue B, Apt 4B, New York, New York 10009 | N/A |
| **Merchant Storefronts** | Any and all user accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products, including Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |

| **Plaintiff's Motion for Default Judgment** | Plaintiff's Application for an Order to Show Cause why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on August 21, 2020 | TBD |
|---|---|---|
| **Yamali Aff.** | Affidavit by Danielle S. Yamali in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, copyright infringement, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's UNO Marks and UNO Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[2]

The Court, having considered the Memorandum of Law and Affidavit of Danielle S. Yamali in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly plead against Defaulting Defendants in the Complaint;

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be

---

[2] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

reasonable and Plaintiff is awarded $50,000.00 in statutory damages against each and every Defaulting Defendant (a total of forty (40) Defaulting Defendants), for a total of Two Million Dollars ($2,000,000.00), pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act as follows ("Defaulting Defendants' Individual Damages Award"), plus post-judgment interest.

### III. Permanent Injunction

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the UNO Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the UNO Marks and/or incorporating the UNO Works and/or artwork that is substantially similar to, identical to and constitute infringement of the UNO Works;

   B. directly or indirectly infringing in any manner any of Plaintiff's UNO Marks and UNO Works;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's UNO Marks and UNO Works to identify any goods or services not authorized by Plaintiff;

   D. using any of Plaintiff's UNO Marks and UNO Works, or any other marks or artwork that are confusingly or substantially similar to the UNO Marks and UNO Works on or in connection with the manufacturing, importing, exporting, advertising, marketing,

promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   a. Defaulting Defendants' User Accounts and/or Merchant Storefronts;
   a. Defaulting Defendants' Assets; and
   b. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution,

display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the UNO Marks and UNO Works, or bear any marks or artwork that are confusingly or substantially similar to the UNO Marks and UNO Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

   C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

A. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

## IV.     Order Authorizing Continued Alternative Service by Electronic Means

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means that was ordered in the TRO and PI Order, shall be deemed effective as to Defendants, Financial Institutions and Third Party Service Providers through the pendency of this action.

## V.     Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## VI.     Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 20th day of August, 2021, at 1:35 p.m.

*Loretta A. Preska*
HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE