Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC., *Plaintiff* v. ANIMEFUN STORE, ARMING, BINGO1993, BINGOES HOT TOY FACTORY, BLOSSOMING STORE, CHENGDU XIANGZE DISCOUNT STORE, CHINA_ENERGY, CHINA_SOULDOO, D-BANDS STORE, DHGATETOYSFACTORY, DIVERSE SATISFY GOODS SHOP, DONGGUAN BRILLIANT PACKAGING CO., LTD., DOUBLED, FIREFOX OUTDOOR STORE, FZCSPEEDS STORE, GIFT_MASTER, GLOBLE VILLAGE OUTDOOR STORE, GUANGZHOU YUAN CAI PACKAGING CO., LTD., HITORHIKEOUTDOORS STORE, HSPZCJ STORE, IMDG STORE, ITMOMO, JIANGXI HENGTE INDUSTRY CO., LTD., KEEP FORTH STORE, KIMWOOD1608, KYSHADOW, MAYANLISHOP, MILIY STORE, MORELUER FISHING GEAR STORE, PARTY PERFECTO(YIWU RIDOU IMP.& EXP. CO.,LTD.) STORE, POND, Q374428329, RC CAMERA DRONE STORE, ROCKY_STORE, RUNACC STORE, SEE YOU OUTDOORS STORE, SHENZHEN AO YE MEI TECHNOLOGY CO., LTD., SHENZHEN WEICHENGWANG PAPER PACKAGING CO., | 18-cv-8824 (LAP) **FINAL JUDGMENT** |

LTD., SHENZHEN YONGXIN TECHNOLOGY CO., LTD., SHIJIAZHUANG ZHUXIN INDUSTRY & TRADE CO., LTD., SHOP FUN STORE, SHOP3615057 STORE, SIXIN_TOY, STAR PENG MUSICAL INSTRUMENTS, SUNMA STORE, TINA310, TOYS_CAROL, WE OUTDOOR STORE, WHOLESALECARD, XIONGQIN2017, YIWU SUNPEND IMPORT & EXPORT CO., LTD., YUFANWATCH, ZHANG0828 and ZHX OUTDOOR STORE,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Mattel** | Mattel, Inc. |
| **Defendants** | AnimeFun Store, bingo 1993, Bingoes Hot Toy Factory, Miliy Store and q374428329 |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants to advertise, offer for sale, sell, distribute and ship their wholesale and retail products directly to consumers across the world |
| **DHgate** | Dunhuang Group d/b/a DHgate.com, an online marketplace and e-commerce platform which allows manufacturers, wholesalers and other third-party merchants to advertise, distribute, offer for sale, sell and ship their wholesale and retail products directly to consumers worldwide |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **Glacier Law** | Glacier Law PLLC, counsel for Defendants |
| **New York Addresses** | 228 Park Ave South, Irving, New York 10003 and 105 Avenue B, Apt 4B, New York, New York 10009 |
| **Complaint** | Plaintiff's Complaint filed on September 26, 2018 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on September 26, 2019 |
| **Adler Dec.** | Declaration of Ray Adler in Support of Plaintiff's Application |
| **Wolgang Dec.** | Declaration of Spencer Wolgang in Support of Plaintiff's Application |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application |
| **UNO Registrations**[1] | U.S. Trademark Registration No. 1,005,397 for "UNO" for goods in Class 28 and U.S. Trademark Registration No. 5,125,593 for "UNO" for goods in Class 9 |
| **UNO Marks** | The marks covered by the UNO Registrations |
| **UNO Products** | UNO is a card game wherein players begin with seven cards, and through each turn, attempt to match a card in |

---

[1] U.S. Trademark Registration No. 2,008,897, was included in Plaintiff's Complaint, but Plaintiff has allowed said registration to lapse.

i

|  | his or her hand with a card on the deck, or be forced to draw an additional card. Players attempt to be the first to successfully discard all of his or her cards. When a player has a single card remaining, he or she must announce "Uno!" to the other players, providing a warning that the game is nearly complete, or risks a penalty. Beyond the classic UNO game described above, Plaintiff has also released additional games under its UNO brand, such as UNO Attack, UNO Wild Jackpot, UNO MOD and more, including themed card decks. |
|---|---|
| **Counterfeit Products or Infringing Products** | Products bearing or used in connection with the UNO Marks and/or products in packaging and/or containing labels bearing the UNO, and/or bearing or used in connection with marks that are confusingly similar to the UNO Marks and/or products that are identical or confusingly similar to the UNO Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, AliExpress and/or DHgate, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or |

|  | transfer of money and/or real or personal property of Defendants |
|---|---|
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba, AliExpress and/or DHgate, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

This matter comes before the Court following the Court's opinion and order dated February 26, 2021 granting summary judgment against Defendants AnimeFun Store, Bingo 1993, Bingoes Hot Toy Factory, Miliy Store, and Q374428329, finding them liable for trademark infringement, false designation of origin, and unfair competition under state and common law ("SJ Order") (Dkt. 106);

On May 4, 2021, Plaintiff and Defendants appeared for oral argument on damages and on May 26, 2021, the parties submitted proposed Joint Findings of Fact and Conclusions of law;

On October 12, 2023, the Court ordered the parties to submit further briefing regarding the applicability and impact, if any, of *Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412 (2023). Plaintiff filed a brief on November 16, 2023 (Dkt. 128) and Defendants did not respond;

The Court, having considered the arguments raised by Plaintiff and Defendants at the oral argument on damages, the parties' Joint Findings of Fact and Conclusions of Law, Plaintiff's *Abitron* briefing, along with the other pleadings and papers filed in this action, the Court entered a Memorandum and Order on October 30, 2024 granting Plaintiff's requests for remedies as to statutory damages totaling $425,000.00, post judgment interest to be calculated at the federal market rate and injunctive relief (Dkt. 135).

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

### I. Damages Awards

1) Plaintiff is awarded statutory damages pursuant to 15 U.S.C. § 1117(c) against the Defendants, plus post judgment interest as follows:

    a. Award of $125,000.00 in damages against Defendant AnimeFun Store a/k/a Shenzhen Penghuiming Tech Co. Ltd, with the address: 5D, Mingzhu

Commercial Mansion, Gongyelu, Minzhijiedao, Longhuaxingqu, Shenzhen, Guangdong, China;

b. Award of $25,000.00 in damages against Defendant Bingo1993 a/k/a Xiaogang Wang, with the address: 56-5, Cheng Xin First District, Chou Cheng Jie Dao, Yiwu City, Zhejiang Province, China;

c. Award of $200,000.00 in damages against Defendant Bingoes Hot Toy Factory (a/k/a BinLing Game Store) a/k/a Xiyi Art Crafts Co. Ltd, with the address: 11-1-501 Changchun Third District, Futian Jie Dao, Yiwu City, Zhejiang Province, China;

d. Award of $50,000.00 in damages against Defendant Miliy Store a/k/a Suzhou Shouxiu E-commerce Trading Co. Ltd., with the address: #2, Bei Ju San Nong, Suzhou City, Jiangsu Province, China; and

e. Award of $25,000.00 in damages against Defendant Q374428329 a/k/a Xiaogang Wang, with the address: 56-5, Cheng Xin First District, Chou Cheng Jie Dao, Yiwu City, Zhejiang Province, China.

## II.   **Permanent Injunction**

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of the Defendants, who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products

or any other products bearing the UNO Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the UNO Marks;

B. directly or indirectly infringing in any manner Plaintiff's UNO Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the UNO Marks;

C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's UNO Marks and/or marks that are confusingly similar to Plaintiff's UNO Marks to identify any goods or services not authorized by Plaintiff;

D. using any of Plaintiff's UNO Marks and/or any other marks that are confusingly similar to the UNO Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

      i. Defendants' User Accounts and/or Merchant Storefronts;

     ii. Defendants' Assets; and

    iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

### III.   Temporary Continuance of Asset Restraint

3) IT IS FURTHER ORDERED, as sufficient cause has been shown, that Defendants are forbidden to make or suffer any sale, assignment, transfer or interference with any property in which they have an interest, except as set forth in subdivisions (h) and (i) of Section 5222 of the CPLR, for a thirty (30) day period after the entry of this Order.

### IV.   Miscellaneous Relief

4) Any failure by Defendants to comply with the terms of this Order shall be deemed in contempt of Court, subjecting Defendants to contempt remedies to be determined by the Court, but including fines and seizures of property.

5) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this order.

**SO ORDERED.**

SIGNED this 19th day of November, 2024

_____
HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE